UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,    )
                     )
       v.           )  Civil Action No.
                     )
19 FOLSOM STREET,         )
DORCHESTER, MASSACHUSETTS,  )
          Defendant.    )

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to Title 21, United States Code, Section 881(a)(7), alleges that:

1.    This Court has subject matter and *in rem* jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1395.

2.    The defendant property (hereafter, the "Defendant Property") is the real property located at 19 Folsom Street, Dorchester (a section of Boston), Suffolk County, Massachusetts, with all buildings and improvements thereon and all rights appertaining thereto, title to which appears at Book 40908, Pages 199-200, of the Suffolk County, Massachusetts, Registry of Deeds.

3.    The Affidavits of Special Agent Patrick B. Dorsey of the U.S. Drug Enforcement Administration, and Boston Police Detective Robert A. Fratalia, attached hereto and incorporated by reference as Exhibits A and B, respectively, set forth probable cause to believe that the Defendant Property constitutes real

property which was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, one or more violations of the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.*, including violations of 21 U.S.C. §§ 841(a)(1), 846, and 856, and therefore that the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

4.   By virtue of the facts alleged herein, the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

WHEREFORE, the United States of America prays:

1.   That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 985 and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to: (a) post notice of this complaint on the Defendant Property; (b) serve notice on the property owners of record, along with a copy of the complaint, or, if one or more of the property owners cannot be served, serve constructive notice upon any such owner pursuant to 18 U.S.C. § 985(c)(2); and (c) give notice to all interested persons to appear and show cause why the forfeiture should not be decreed;

2.   That judgment of forfeiture be decreed against the

2

Defendant Property;

    3.    That thereafter the Defendant Property be disposed of according to law; and

    4.    For costs and all other relief to which the United States may be entitled.

                    Respectfully submitted,

                    CARMEN M. ORTIZ,
                    United States Attorney

By:      _____
                    Richard L. Hoffman
                    Timothy E. Moran
                    Assistant U.S. Attorneys
                    1 Courthouse Way, Suite 9200
                    Boston, Massachusetts 02210
                    (617) 748-3279

Dated: December 14, 2010

VERIFICATION

    I, Patrick B. Dorsey, state that I have read the foregoing
Complaint for Forfeiture in Rem, and the attached Affidavits, and
the contents thereof are true to the best of my knowledge,
information, and belief.

                              _____
                              Patrick B. Dorsey
                              Special Agent
                              U.S. Drug Enforcement Administration


              Commonwealth of Massachusetts
Suffolk, ss.                            Boston, Massachusetts



    On this 14th day of December, 2010, before me, Jean L. Jamieson
_____, the undersigned notary public, personally appeared
Patrick B. Dorsey, proved to me through satisfactory evidence of
identity, which was Dept. of Justice, Drug Enf. Ag., to be the person whose
name is signed above, and who swore or affirmed to me that the
contents of the foregoing affidavit are truthful and accurate to
the best of his knowledge, information, and belief.

                              _____
                              Notary Public
My commission expires: 3/14/2014

        JEAN L. JAMIESON
          Notary Public
    COMMONWEALTH OF MASSACHUSETTS
       My Commission Expires
          March 14, 2014

4

## EXHIBIT A

### AFFIDAVIT OF DEA SPECIAL AGENT PATRICK B. DORSEY

I, Patrick B. Dorsey, having been duly sworn, depose and
state as follows:

1.   I am a Special Agent of the United States United States
Drug Enforcement Administration ("DEA"), and have been a DEA
Special Agent since May 1997.  Since January 1998, I have been
assigned to DEA's Boston Office.

2.   During my career as a DEA Special Agent, I have
received specialized training regarding the activities of
narcotics traffickers, including the methods used to manufacture,
package, store, and distribute narcotics.  In addition to my
training, I have had substantial experience in the investigation
of the activities of narcotics traffickers.  I have participated
in numerous narcotics investigations, and I have participated in
debriefings of numerous defendants, informants, and witnesses who
had personal knowledge about narcotics trafficking activities and
the operation of narcotics trafficking organizations.

3.   I submit this affidavit in support of a complaint for
forfeiture *in rem* against the real property known as 19 Folsom
Street, Dorchester, Massachusetts (the "Defendant Property"),
more fully described as the real property located at 19 Folsom
Street, Dorchester (a section of Boston), Suffolk County,
Massachusetts, with all buildings and improvements thereon and
all rights appertaining thereto, title to which appears at Book

40908, Pages 199-200, of the Suffolk County, Massachusetts, Registry of Deeds. Since about January 2010, I have been personally involved in the investigation relating to the Defendant Property. I also personally participated in the search of the Defendant Property on June 16, 2010, along with Boston Police Detective Robert A. Fratalia ("Detective Fratalia") and other law enforcement agents and officers.

4. I have reviewed Detective Fratalia's affidavit, which is being submitted with this affidavit. Based on the information obtained during the investigation and summarized in Detective Fratalia's affidavit, I believe that there is probable cause to believe that the Defendant Property, 19 Folsom Street, Dorchester, Massachusetts, was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, one or more violations of the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.*, including violations of 21 U.S.C. §§ 841(a)(1), 846, and 856, and that the Defendant Property was substantially connected to such violations, and therefore that the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

The foregoing affidavit is true and correct to the best of my knowledge, information, and belief.

Signed under the pains and penalties of perjury this _14th_ day of December, 2010.

_Patrick B. Dorsey_
Patrick B. Dorsey
Special Agent
U.S. Drug Enforcement Administration

### Commonwealth of Massachusetts

Suffolk, ss.                                      Boston,
                                                  Massachusetts

On this _14th_ day of December, 2010, before me, _Jean L. Jamieson_
_____, the undersigned notary public, personally
appeared Patrick B. Dorsey, proved to me through satisfactory
evidence of identity, which was _Dept of Justice, Drug Enf Ag_ to be the
person whose name is signed above, and who swore or affirmed to
me that the contents of the foregoing affidavit are truthful and
accurate to the best of his knowledge, information, and belief.

_Jean L. Jamieson_
Notary Public

My commission expires: 3\14\2014

JEAN L. JAMIESON
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 14, 2014

3

## EXHIBIT B

### AFFIDAVIT OF BOSTON POLICE DETECTIVE ROBERT A. FRATALIA

I, Robert A. Fratalia, having been duly sworn, depose and state as follows:

1.    I have been a Boston Police officer for 24 years, having been so employed since November of 1986.  In June 1991, I was appointed to the rank of detective, the rank I currently hold. I am presently assigned to Boston Police Department ("BPD") Area A-1, and am on detail to the Boston Transportation Department, where I have served since September 2010.  For approximately six and one-half years, from April 2004 until September 2010, I was assigned to BPD's Special Investigations Unit ("SIU") as a criminal investigator.  My duties as a member of BPD's SIU included conducting criminal investigations of individuals and organizations involved in organized crime types of offenses such as drug trafficking, money laundering, and firearms-related offenses.

2.    Before my assignment to SIU, I was an investigator in the Youth Violence Strike Force from 1993 to 2004.  From 1990 to 1993, I was assigned to the Anti-Gang Violence Unit. My primary duties as an investigator in these units were to identify Boston-based street gangs and their membership, and to work in partnership with other law enforcement agencies to develop strategies to address and reduce the criminal activities of these gangs.

3.   In my performance of my duties as a detective and a police officer, I have been involved in hundreds of criminal investigations, many of them involving illegal drug activity.  I have been the affiant, co-affiant, and/or participant in the preparation and execution of well over 100 search warrants issued by various criminal courts within the Commonwealth of Massachusetts as well as the United States District Court for the District of Massachusetts.  The majority of these search warrants related to the investigation and detection of drug-trafficking offenses.  In the course of participating in drug investigations over the years, I have become familiar with the habits, methods, routines, practices and procedures of illegal drug traffickers. I have also attended and successfully completed the Basic Narcotic Investigator's course, sponsored by the United States Drug Enforcement Administration ("DEA").  While I was assigned to SIU, I was, on occasion, sworn in by DEA as a Task Force Agent and, among other things, I participated in drug-trafficking investigations involving electronic surveillance authorized by the Federal Wiretap Act also referred to as "Title III."

4.   The information provided in this affidavit comes from my own personal observations, information provided to me by other officers and agents, including those involved in the investigation described below, information provided by former conspirators, including cooperating witnesses and cooperating

2

defendants, corroborated by information obtained through surveillance, lawful searches and seizures, including seizures of marijuana and MDMA (also known as "ecstasy"), consensual audio and video recordings, statements of other witnesses and other law enforcement intelligence, and evidence derived from authorized Title III electronic surveillance of telephones connected with the drug distribution networks targeted by the investigation.

5.    This affidavit does not set forth all of the information that I and other law enforcement officers and agents have learned during the course of this investigation.  This affidavit is intended only to establish probable cause to believe that 19 Folsom Street, Dorchester, Massachusetts (hereafter, "19 Folsom Street" or the "Defendant Property"), more fully described as the real property located at 19 Folsom Street, Dorchester (a section of Boston), Suffolk County, Massachusetts, with all buildings and improvements thereon and all rights appertaining thereto, title to which appears at Book 40908, Pages 199-200, of the Suffolk County, Massachusetts, Registry of Deeds, was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, one or more violations of the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.*, including violations of 21 U.S.C. §§ 841(a)(1), 846, and 856, and therefore that the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C.

§ 881(a)(7).

6.    This case arises from an investigation conducted
jointly by BPD, DEA, the Boston Housing Authority Police
Department, the Federal Bureau of Investigation, Bureau of
Alcohol, Tobacco, Firearms and Explosives, and Internal Revenue
Service Criminal Investigation ("IRS-CI") into large scale
marijuana and MDMA trafficking and related criminal activity in
Massachusetts, the northeastern United States, and Canada.

7.    The investigation began in about March 2005 and is
still continuing.  The investigation, thus far, has led to the
return of numerous federal indictments in this district, some of
which are still under seal.  In the unsealed indictments to date,
thirty defendants have been charged with a variety of offenses
including drug-trafficking conspiracy (marijuana and/or MDMA),
money laundering conspiracy, and substantive drug trafficking,
money laundering, and firearms charges.  To date, nineteen of
those defendants have been sentenced pursuant to guilty pleas or
after trial, with sentences ranging as high as 330 months (Quoc
Bao Trinh, concurrent terms of 330 months, 240 months, and 120
months in three separate cases), 240 months (Tai Trinh), 226
months (Diep Van Nguyen), and 144 months (Tiem Trinh).

8.    In the course of the investigation, on April 20, 2010,
investigators followed one of the investigation's targets, whose
name I know, but whom I will describe for purposes of this

4

affidavit as "Target 1," as Target 1 drove from Target 1's
Dorchester home to the Defendant Property.  Both before and after
that date, we have obtained information from several different
sources, whom we have determined to be reliable, to the effect
that Target 1 has been involved for years in trafficking
substantial amounts of marijuana and other controlled substances
in, among other places, the greater Boston area, and in
particular, that Target 1 was currently involved in growing
marijuana for sale.  On April 20, 1010, Target 1 did not drive
directly from his home to the Defendant Property, a distance of
approximately two miles, which ordinarily would have taken only
about ten minutes to drive.  Instead, Target 1 took approximately
one hour, driving via a very circuitous route, stopping for
periods of time, looking around, changing directions, and taking
various other steps which, based on my training and experience, I
believe were designed to determine whether he was being followed,
and to evade surveillance.  After Target 1 finally arrived at the
Defendant Property, he was observed standing with three or more
other men outside the Defendant Property, and then was observed
carrying a large box-shaped item, apparently inside a dark-
colored trash bag, into the Defendant Property at about 2:09 p.m.
Investigators saw Target 1 coming out of the Defendant Property
with three men at about 3:21 p.m., more than one hour later.  A
subsequent inquiry to N-Star disclosed that Target 1 had been

5

listed as the account holder on electric bills for the Defendant Property since June 2008.

9.   The investigation disclosed that Phuc Q. Nguyen ("Nguyen") was apparently living at the Defendant Property.

10.   On the morning of June 16, 2010, a Massachusetts Superior Court judge issued a warrant to search the Defendant Property.   A copy of that warrant is attached hereto as Exhibit 1.   Later that same morning, I personally participated in the search of the Defendant Property along with other law enforcement officers and agents.   A copy of the warrant return is attached hereto as Exhibit 2.

11.   During the search of the Defendant Property, we found evidence confirming that the property had been used for at least several months and probably longer, and was still being used, to grow marijuana.   As soon as we entered the two-story single-family residence on the Defendant Property on the day of the search, we noticed a strong marijuana odor.   The search disclosed evidence of a long-term and extensive marijuana-growing operation on the Defendant Property, including the following:

    a.   102 growing plants which, based on my training and experience, I believe to be marijuana plants, including 99 plants found growing in the basement, and three other, more mature plants, found growing in rooms on the second floor;

    b.   Several large trash bags filled with what I

believe, based on my training and experience, to be
marijuana leaves, marijuana clippings, marijuana plant
stems, bulbs, and root balls from previous marijuana
harvests;

     c.   Numerous high-intensity lights of the kind that I
recognized as typically used in indoor marijuana-growing
operations;

     d.  Chemicals of kinds that I recognized as typically
used in indoor marijuana-growing operations; and

     e.  Heavy-duty non-standard electrical wiring and
electrical ballasts which I recognized as the sort typically
used in indoor marijuana-growing operations, and which
electrical utility technicians assisting in the
investigation confirmed were being used to circumvent the
electrical metering system, and thus, in my opinion, to
conceal the vast amount of electrical power that was being
consumed in the ongoing indoor marijuana-growing operation.

12.  During the search of the Defendant Property,
investigators found Phuc Q. Nguyen living there, found personal
papers and a checkbook belonging to Nguyen and a photograph album
containing a photograph of Nguyen, and confirmed that one of the
keys on Nguyen's key ring opened the front door of the Defendant
Property.  During the search, Nguyen admitted to operating the
marijuana grow house on the Defendant Property in order to make

money, and stated that the electrical work (*i.e.*, the extensive modifications necessary to power the marijuana grow) had been in place when Nguyen moved into the Defendant Property four or five months before the search.

13. Based on the information set forth above and developed during the investigation, and my training and experience, I believe that Nguyen was the individual primarily responsible for day-to-day maintenance of the marijuana-growing operation at the Defendant Property, but that others, including, but not limited to, Target 1, were knowingly involved in preparing and maintaining the Defendant Property for use in growing marijuana, and in harvesting and distributing marijuana grown at the Defendant Property.

14. After the search of the Defendant Property, four samples of the plant material seized during the search were submitted to the Massachusetts State Laboratory in Jamaica Plain for analysis. On September 16, 2010, the Laboratory issued certificates stating that, upon examination, the samples, ranging from about 100 grams to more than 1250 grams in net weight, had all been found to contain marijuana.

15. Attached to this affidavit as Exhibit 3 is a copy of the deed to the Defendant Property. Attached to this affidavit as Exhibits 4 through 10 are true and accurate photographs of the Defendant Property and of some of the evidence described above,

that was found during the June 16, 2010, search of the Defendant
Property.

## CONCLUSION

16.   Based on the evidence summarized above, I believe that
there is probable cause to believe that the Defendant Property,
19 Folsom Street, Dorchester, Massachusetts, was used, or
intended to be used, in any manner or part, to commit, or to
facilitate the commission of, one or more violations of the
Controlled Substances Act, Title 21, United States Code, Section
801 *et seq.*, including violations of 21 U.S.C. §§ 841(a)(1), 846,
and 856, and that the Defendant Property was substantially
connected to such violations, and therefore that the Defendant
Property is subject to forfeiture to the United States of America
pursuant to 21 U.S.C. § 881(a)(7).

The foregoing affidavit is true and correct to the best of my knowledge, information, and belief.

Signed under the pains and penalties of perjury this *14th* day of December, 2010. *Robert A Fratalia*

Detective Robert A. Fratalia
Boston Police Department

Commonwealth of Massachusetts

Suffolk, ss.                                    Boston,

                                               Massachusetts

On this *14th* day of December, 2010, before me, *Jean L. Jamieson* _____, the undersigned notary public, personally appeared Robert A. Fratalia, proved to me through satisfactory evidence of identity, which was *Boston Police Department*, to be the person whose name is signed above, and who swore or affirmed to me that the contents of the foregoing affidavit are truthful and accurate to the best of his knowledge, information, and belief.

*Jean L. Jamieson*

Notary Public

My commission expires: *3/14/2014*



JEAN L. JAMIESON
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 14, 2014

10

# SEARCH WARRANT

G.L.c. 276, §§ 1-7

**TRIAL COURT OF MASSACHUSETTS**

SUFFOLK SUPERIOR     COURT DEPARTMENT

CRIMINAL     DIVISION

**NAME OF APPLICANT**

Robert A. Fratalia

**POSITION OF APPLICANT**

Boston Police Detective

**SEARCH WARRANT DOCKET NUMBER**

1002sw 241

**TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:**

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe the property described below

☐ has been stolen, embezzled, or obtained by false pretenses
☒ is intended for use or has been used as a means of committing a crime.
☒ has been concealed to prevent a crime from being discovered.
☒ is unlawfully possessed or concealed for an unlawful purpose.
☒ is evidence of a crime or is evidence of criminal activity.
☐ other (specify) _____



EXHIBIT
1

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:

See Addendum A attached hereto and incorporated herein.

☒ at :

~~The dwelling numbered 19 Folsom Street Dorchester, MA is described as being a two story wooden structure having an~~ "A" frame style roof. The very top portion of this structure appears to have an area consistent with that of being an attic. This structure has a red colored asphalt shingled roof and has a red brick chimney protruding through the left side of the roof. Both sides of this residence are covered in a light blue vinyl siding, while the front of this structure appears to be made of a wood siding that is painted. The front façade has a scalloped or fish scale appearance to it. The front door is white in color and has the 19 handwritten on it in a black colored paint or marker. The number 19 is approximately 10 inches in size and is clearly visible from Folsom Street. As you face 19 Folsom Street, there is an empty lot located to the left of it.

which is occupied by and/or in the possession of::  Phuc Q. NGUYEN, a Vietnamese male, about 5'8" tall, about 150 pounds, who has short dark colored hair and dark colored eyes. Phuc Q. NGUYEN has an active Massachusetts drivers license numbered S38918153 that lists a mailing address of 363 High Street, Randolph, MA , his DOB as being 11/28/85, and a social security number of 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. Based on observations made of Phuc Q. NGUYEN, investigators have probable cause to believe that he is residing at 19 Folsom Street, Dorchester, MA.

☒ on the person or in the possession of : Hung Ngoc LE, a Vietnamese male, DOB 03/21/65, landlord of 19 Folsom St. Dorchester, MA.

You ☐ are ☒ are not also authorized to conduct the search at any time during the night.

You ☐ are ☒ are not also authorized to enter the premises without announcement.

You ☒ are ☐ are not also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the
Criminal Division of the Suffolk Superior Court Department.

**DATE ISSUED** 6/14/10

**SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK**

x _Carol S. Ball BBC_

**FIRST OR ADMINISTRATIVE JUSTICE**

WITNESS: Barbara J. Rouse CJSC

**PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK**

Carol S. Ball

1002 SW 241

## Addendum A

I.  Books, papers, documents, ledgers, records, accounts, evidencing
the possession and/or distribution of Marijuana, including, but not
limited to, records and other papers reflecting 1) the purchase or
acquisition of Marijuana, 2) the identities of the sources of
Marijuana, 3) the storage of Marijuana, 4) the distribution of
Marijuana, 5) the identities of persons to whom Marijuana was
distributed; or who may be assisting in its distribution.

II.  Books, papers, documents, ledgers, records, accounts evidencing
~~the sources of money or other property used to purchase or acquire~~
cocaine, and/or the manner in which the financial proceeds of the
distribution of Marijuana are stored, invested or spent, including,
but not limited to 1) amounts of money paid, collected or owed on
account of the purchase or sale of Marijuana, 2) bank records, 3)
investment account records, 4) safe deposit box rental agreements
or keys, 5) property deeds, 6) bills of sale, 7) tax returns, 8)
vehicle titles, rental agreements;

III.  United States currency or coins used to purchase or sell
Marijuana, or traceable to the purchase or sale of Marijuana.

IV.  Scales, packaging materials and paraphernalia used in the
possession or distribution of Marijuana; such items include but
are not limited to: large piles of potting soil used to grow
marijuana, chemicals (such as Miracle grow and other types of

10025w 241

fertilizer) that get added to the soil and assist in the growing process, assortments of different size planting pots, cups, and/or planting trays, plastic bags to include both the zip lock style plastic bag and the heat sealed style plastic bags, vacuum sealed plastic bags and the device used to seal these bags, heat sealing machine, large duffle bags some of which resemble hockey bags, watering systems to include pumps, hoses, buckets, and nozzles to water the plants, electrical components to include light ballasts, timers to control the lights and watering systems, tools such as screw drivers and pliers usually wrapped in heavy insulated rubber handles so as to avoid any electrical shock, hand held electrical tester used to determine if a live electrical current is flowing through a wire or electrical component,   high powered halogen lights having large umbrella shaped aluminum shades used to provide heat and light for marijuana plants to grow, plastic wrap or foil wrap used to insulate the exterior walls of a grow so as to keep the heat in, gardening tools to include full size shovels / spades and hand held gardening tools.

V. Marijuana a controlled substance under G.L. 94C § 32;

VI.   Papers and possessions identifying the person(s) having custody, access and control over the premises being searched, and its contents;

VII.   Telephone calling cards and the numbers thereon;

*1002 sw 241*

VIII. Electronic communication devices, including but not limited to cell phones, pagers, two-way pagers, *blackberry*, text message devices, SIM cards;

    A. And with respect to such electronic communication devices to search therein or thereon and SEIZE:

The text messages, telephone numbers and/or identifying numbers of the electronic communication device(s) and/or numbers and call history activity information contained in the memory of the telephone and/or device.

Further, I would respectfully request photographic and video representation of the interior of 19 Folsom Street, Dorchester, MA.

## RETURN OF OFFICER SERVING SEARCH WARRANT

*A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L.c. 276, §3A.*

This search warrant was issued on, <u>June 16, 2010,</u> and I have executed it as follows:  JUN 21 PM 4:3

The following is an inventory of the property taken pursuant to this search warrant:

This inventory was made in the presence of: <u>Sergeant Detective Eric Bulman and Police Officer Joao Monteiro.</u>

1. <u>One Heineken Beer Bottle recovered by PO Tolliver – Forwarded to BPD Crime Lab for DNA testing.</u>

2. <u>One Cigarette butt (room # 4) recovered by PO Tolliver – Forwarded to BPD Crime Lab for DNA testing.</u>

3. <u>One Cigarette butt (room # 3) recovered by PO Tolliver – Forwarded to BPD Crime Lab for DNA testing.</u>

4. <u>A total of 99 Marijuana Plants – assorted weights and sizes by Sgt. Det. Bulman / Detective Fratalia / PO Connolly – Basement Rear Room.</u>

5. <u>A total of 99 black plastic potting soil pots (numbered 1-99) that contained the Marijuana plants listed on line 4  - Basement Rear Room by DEA Special Agent Frank Conway.</u>

6. <u>One large trash bag full of Marijuana leaves and clippings by Detective Fratalia (Basement Rear Room labeled as Bag # 1).</u>

7. <u>A total of 20 Marijuana plant stems / bulbs / root balls seized from a trash bag in Basement Rear Room by DEA Special Agent Pat Dorsey.</u>

8. <u>A total of 29 Marijuana plant stems / bulbs / root seized from a trash bag in Basement Rear Room by Detective Robert Fratalia</u>

9. <u>Four trash bags containing marijuana clippings & leaves found in Basement Rear Room by Detective Fratalia & DEA Special Agent Pat Dorsey. (Boxed as item #s 1-4)</u>

10. <u>Assortment of Marijuana leaves / clippings from Basement floor – Rear Room (placed into evidence bag # 2) – PO Joao Monteiro.</u>

11. <u>A total of 9 Marijuana grow lights from Basement Rear Room (Labeled as item #s 1– 9.</u>

12. <u>One heat lamp seized from Basement Rear Room wall by Sergeant Detective Bulman.</u>

1

*1002 SW241*

13. Assortment of electrical ballasts Basement Rear Room floor by Detective Fratalia.

14. A total of 7 Marijuana grow lights from Basement Front Room (Item #'s 10-17).

15. Two trash bags with Marijuana leaves & clippings sized from Basement Front Room by DEA Special Agent Pat Dorsey.

16. Marijuana plant stems /bulbs / root balls from trash bag – Basement Front Room by DEA Special Agent Pat Dorsey

17. A total of 4 Marijuana grow lights from 2nd floor Room # 3 (labeled item #s 1-4)

18. One plastic bin containing chemicals from 2nd floor Room # 3 (labeled item # 5)

19. Two high powered light bulbs from 2nd floor Room # 3 (bulbs labeled item #s 6 & 7)

20. One Marijuana Plant from 2nd floor Room # 3 by Sgt. Det. Bulman (Item (plant) # 100) JUN 21 PM 4:3

21. One Marijuana Plant from 2nd floor Room # 3 by Sgt. Det. Bulman (Item (plant) # 101)

22. Assortment of Marijuana leaves and clippings from 2nd floor Room # 3 (labeled item # 8)

23. A total of 5 Marijuana grow lights from 2nd floor Room # 4 (labeled item #s 1-5)

24. One Marijuana Plant from 2nd floor Room # 4 by Detective Boyle (item (plant) # 102)

25. A total of seven (7) large aluminum light shades - 2nd floor Room # 4 (labeled item # 6)

26. A trash bag with Marijuana leaves / clippings / root balls - 2nd floor Room # 4 (item # 7)

27. Two plastic containers – Marijuana root balls / stems – 2nd floor Room # 4 (item #s 8 & 9)

28. One Pro-Mix potting soil bag with Marijuana clippings 2nd floor Room # 4 (boxed item #10)

29. A total of six (6) high powered light bulbs - 2nd floor Room # 4 (boxed as item # 11)

30. Two electrical ballasts – 2nd floor Room # 4 by PO Monteiro

31. Personal papers and belongings of Phuc NGUYEN –2nd floor Room # 2 (labeled item #1) by Detective Chris Boyle

32. Photo album containing picture of Phuc NGUYEN – 2nd floor Room # 2 (labeled item # 1) by Detective Chris Boyle

33. A pocket scale found in 2nd floor Room # 2 (labeled as item # 1) by Detective Chris Boyle

34. A total of 4 electrical ballasts – 2nd floor Room # 2 closet (labeled item # 2) by Detective Fratalia

*1002 SW 241*

35. One electronic fan – 2nd floor Room # 2 chimney (labeled as item # 3) by Sgt. Det. Bulman.

36. One cellular telephone – 2nd floor Room # 1 (bathroom) recovered by Detective Lee.

37. One cellular telephone & charger 1st floor TV room windowsill by Detective Lee.

38. One Nokia cell phone box – 1st floor TV room by Sgt. Det. Bulman

39. Personal papers with International telephone #s – 1st floor TV room table Sgt. Det. Bulman.

40. One glass jar with Marijuana – 1st floor TV room coffee table – Detective Lee

41. One framed photograph (Tony Montana / Scar Face) – 1st floor TV room – Detective Lee

42. One check book in the name of Phuc NGUYEN – 1st floor front room by Detective Lee

43. Assortment of "Weed World" pictures – 1st floor front room mantle by Det. Lee.

44. Key to front door of 19 Folsom St. – key ring belonging to Phuc NGUYEN – PO Monteiro

JUN 21 PM 4:36

I swear that this inventory is a true and detailed account of all the property taken by me on this search warrant

| SIGNATURE OF PERSON MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
|---|---|---|
| x *Robert A. Fratalia* | June 16, 2010 @ 7:57 AM | x *Paul Fallam* |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | DATE SWORN AND SUBSCRIBED TO |
| **Robert A. Fratalia** | Detective Boston Police Department | *Paul Fallam* |

*2*

## QUITCLAIM DEED





Bk: 40908 Pg: 199    Doc: DED
Page: 1 of 2   12/11/2006 12:02 PM

**EXHIBIT 3**

I, Barbara Callis, of Suffolk County, Massachusetts,

for consideration of One Hundred Seventy Five Thousand Dollars ($175,000.00) grant to

Hung N. Le, of 19 Folsom Street, Boston, Suffolk County, Massachusetts,

Individually

with *quitclaim covenants*,

A certain parcel of land with the buildings thereon, situated in the part of Boston, Suffolk County, Massachusetts, called Dorchester, being numbered 19 Folsom Street and shown as Lot 3 on a Plan by C.H.W Woods & Co., dated April 27, 1899, recorded with the Suffolk County Registry of Deeds at Book 2603, Page 522, bounded and described as follows:

SOUTHEASTERLY    by Folsom Street, twenty-five (25.00) feet;

SOUTHWESTERLY    by land now or formerly of Maragret A. Johnson, sixty-six and 67/100 (66.67) feet.

NORTHWESTERLY    by land now or formerly of R.F. Crosby, nineteen and 13/100 (19.13) feet;

NORTHEASTERLY    by Lot No. 1, on said plan, thirty-two and 05/100 (32.05) feet;

NORTHWESTERLY    again by Lot No. 1, on said plan, five and 87/100 (5.87) feet;

NORTHEASTERLY    again partly by Lot No. 1 and partly by Lot No. 2, on said plan, thirty-four and 62/100 (34.62) feet

Containing 1,479 square feet of land, by any or all of said measurements more or less.

PROPERTY LOCUS: 19 Folsom Street, Boston, MA

For grantor's title, see Deed dated May 24 1991, and recorded with the Suffolk County Registry of Deeds in Book 16855, Page 522.

Attested hereto

*Juancita M. Roache*
Francis M. Roache
Register of Deeds
Suffolk District

MASSACHUSETTS EXCISE TAX
Suffolk County District ROD # 001
Date: 12/11/2006 12:02 PM
Ctrl# 067752 00229 Doc# 00142297
Fee: $798.00 Cons: $175,000.00

*(handwritten, left margin, vertical)* LOCUS : 19 Folsom St, Dorchester MA 02125

*(handwritten, bottom)* Hagstrom & White
220 Second St
Chelsea MA 02150

***Witness*** our hands and seals this 8th day of December, 2006

**Barbara Callis**

### THE COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss                                                    December 8, 2006

Then personally appeared the above-named Barbara Callis and proved to me through satisfactory evidence of identification, which were Massachusetts Drivers' Licenses, to be the persons whose name are signed on the preceding document, and acknowledged to me that they signed it voluntarily for its stated purpose

_____

Notary Public:

My commission expires: 4-16-2010

ERIK K. HAGSTROM
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires April 16, 2010



EXHIBIT
4



EXHIBIT

5



EXHIBIT

6









EXHIBIT

10